CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
MAY 07 2010
JOHN F. CORCORAN
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY RAY HALL, | ) | Civil Action No. 7:10-cv-00187 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| S.W. HOLLAR, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Assistant Warden Hollar and Grievance Officer Conner as defendants. Plaintiff complains that the defendants do not promptly or adequately respond to his grievances. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the action as frivolous.

I.

Plaintiff alleges that the defendants "butt into and write things" and do not adequately respond to his grievances. Plaintiff complains that the defendants are stalling on a month's-worth of his grievances. Plaintiff also complains that the defendants often return his grievances to him requesting additional information without processing them. Plaintiff requests $120,000 in damages.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff's alleged due process claim is a claim of an infringement of a legal interest that does not exist. Even though plaintiff alleges that the defendants take too long to respond to his grievances or return them requesting more information, a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (due process invoked when a protected liberty or property interest is implicated with an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights action. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"). Furthermore, the failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation. See Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's

2

failure to abide by that law is not a federal due process issue).

A § 1983 civil rights complaint requires at least a probable allegation that a government official has in some way deprived plaintiff of a right guaranteed to him by the United States Constitution. Even when the instant complaint is held to the less stringent standards due a pro se complaint, it is clear that it is subject to dismissal as frivolous.

III.

For the foregoing reasons, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 7th day of May, 2010.

/s/ James C. Turk
Senior United States District Judge